**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-1831**

───────────

JANUARY CREWS-SANCHEZ,

　　　　　　　Plaintiff - Appellant,

　　　v.

FRITO-LAY, INC.,

　　　　　　　Defendant - Appellee.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior District Judge.  (6:21-cv-00030-NKM-RSB)

───────────

Submitted:  January 31, 2024　　　　　　　　Decided:  February 7, 2024

───────────

Before GREGORY and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF**: Thomas E. Strelka, Brittany M. Haddox, L. Leigh R. Strelka, N. Winston West, IV, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant.  Alison R. Ashmore, Dallas, Texas, Melanie L. Fry, DYKEMA GOSSETT PLLC, San Antonio, Texas; Charles Garrison Meyer III, Christopher Quinn Adams, O'HAGAN MEYER PLLC, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

January Crews-Sanchez appeals the district court's order granting summary judgment in favor of Frito-Lay, Inc. ("Frito-Lay") on her claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213, and Virginia state law. Specifically, Crews-Sanchez alleged failure-to-accommodate, discrimination, and retaliation claims under the ADA and retaliation claims under Virginia state law. We affirm.

"We review a district court's grant of summary judgment de novo." *Battle v. Ledford*, 912 F.3d 708, 712 (4th Cir. 2019). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, we view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the nonmoving party. *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011). "If the record, so viewed, gives rise to genuine factual disputes . . . , then those questions must be resolved by a jury, not on summary judgment." *Dean v. Jones*, 984 F.3d 295, 301-02 (4th Cir. 2021). "A dispute is 'genuine' for these purposes so long as a reasonable jury could resolve it in [the nonmovant's] favor." *Id.* at 302. To avoid summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

The ADA "prohibits employers from 'discriminating' against 'qualified individuals on the basis of disability.'" *Laird v. Fairfax Cnty.*, 978 F.3d 887, 892 (4th Cir. 2020) (quoting 42 U.S.C. § 12112(a)-(b) (cleaned up)). This prohibition on discrimination

2

includes an employer's failure to "make reasonable accommodations" to an employee with a qualifying disability. *Id*. at 892 (citing 42 U.S.C. § 12112(b)(5)(A)). To establish a failure-to-accommodate claim, a "plaintiff must prove: (1) that she had a disability within the statutory meaning; (2) that the employer knew of her disability; (3) that a reasonable accommodation would permit her to perform the essential functions of the position; and (4) that the employer refused to make the accommodation." *Perdue v. Sanofi-Aventis U.S., LLC*, 999 F.3d 954, 959 (4th Cir. 2021).

We conclude that the district court did not err in determining that Crews-Sanchez would have been unable to perform the essential functions of her position with the requested accommodation of being allowed to work from home. Specifically, Crews-Sanchez's own testimony established that, at the time of her request for remote work, her essential job duties required her presence onsite.

A claim for disability discrimination under the ADA requires a plaintiff to "show (i) she was disabled, (ii) she was discharged, (iii) she was fulfilling her employer's legitimate expectations when she was discharged, and (iv) the circumstances of her discharge raise a reasonable inference of unlawful discrimination." *Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 379 (4th Cir. 2022). Under the ADA, the employee's disability must be the "but-for" cause of the adverse employment action. *Gentry v. East West Partners Club Mgmt. Co.*, 816 F.3d 228, 235-36 (4th Cir. 2016).

3

Absent direct evidence of discrimination, an employee is required to establish a prima facie case of discrimination under the *McDonnell Douglas*[*] burden-shifting framework. *See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995) (applying *McDonnell Douglas* framework to ADA claim). If the employee successfully establishes such a case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory and nonretaliatory reason for her termination. *Cowgill*, 41 F.4th at 381. If the employer is successful, the burden shifts back to the employee to provide that the proffered reasons for her termination are pretextual. *Id.* "[I]mportantly, although intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuading the trier of fact" of the intentional discrimination or retaliation "remains at all times with [the employee]." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 336 (4th Cir. 2011) (cleaned up).

We conclude that the district court did not err in determining that Crews-Sanchez failed to establish that the circumstances of her termination raised a reasonable inference of unlawful discrimination. The nearly four-month gap between Crews-Sanchez's requested accommodation and her termination did not establish a sufficient temporal proximity from which the court could draw a reasonable inference of causation. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (explaining that temporal proximity may suffice to establish causation when protected activity and adverse action are "very close" and relying on decisions ruling that three- and four-month periods were

---

[*] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

insufficient (internal quotation marks omitted)); *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 123 (4th Cir. 2021) (stating that three months between employee's termination and protected activity was too long to support a causal inference). Furthermore, the district court did not err in determining that Crews-Sanchez failed to establish that she was fulfilling Frito-Lay's legitimate business expectations at the time of her discharge given her disclosure of confidential employee health information to a third party in violation of company policy.

The ADA also provides that "[n]o person shall discriminate against any individual" for opposing an unlawful practice under the ADA, making a charge, or participating in an ADA process. 42 U.S.C. § 12203(a). To establish a prima facie case of retaliation under the ADA, an employee must establish "that: (1) she has engaged in protected conduct; (2) she suffered an adverse action after engaging in the protected conduct; and (3) there was a causal link between the protected conduct and the adverse action." *Laird*, 978 F.3d at 892 n.4. "An employee may establish *prima facie* causation simply by showing that (1) the employer either understood or should have understood the employee to be engaged in protected activity and (2) the employer took adverse action against the employee soon after becoming aware of such activity." *Strothers v. City of Laurel*, 895 F.3d 317, 335-36 (4th Cir. 2018) (discussing causation in context of Title VII of the Civil Rights Act of 1964, as amended); *see Fox v. Gen. Motors Corp.*, 247 F.3d 169, 176 (4th Cir. 2001) (noting that courts use Title VII precedent in ADA cases).

We conclude that the district court did not erring in determining that Crews-Sanchez's ADA retaliation claim lacks merit for the same reason her discrimination claim

5

fails. Specifically, the attenuated temporal connection between her protected activity and termination, in combination with her intervening disclosure of confidential information in violation of company policy, defeats any inference of causation that could otherwise be drawn from the circumstances. Accordingly, the district court properly granted summary judgment to Frito-Lay on Crews-Sanchez's ADA claims.

Finally, as to Crews-Sanchez's state law claims, Virginia Code § 40.1-51.2:1 provides that:

> No person shall discharge or in any way discriminate against an employee because the employee has filed a safety or health complaint or has testified or otherwise acted to exercise rights under the safety and health provisions of this title for themselves or others.

Va. Code. Ann. § 40.1-51.2:1 (2023). Therefore, to state a claim under this section, an employee must claim that (1) she has been terminated or retaliated against for (2) partaking in a protected activity, such as reporting a safety and health complaint, and it was (3) related to the safety, health, and welfare of employees. Similarly, Virginia Code § 40.1-27.3, Virginia's whistleblower statute, provides that "[a]n employer shall not discharge, discipline, threaten, discriminate against, or penalize an employee, or take other retaliatory action . . . because the employee . . . in good faith reports a violation of any federal or state law or regulation to a supervisor or to any governmental body or law-enforcement official." Va. Code Ann. § 40.1-27.3 (2023).

Frito-Lay did not terminate Crews-Sanchez's employment for the mere act of reporting a safety and health complaint or for reporting a violation of federal or state law or regulation. Rather, Frito-Lay terminated Crews-Sanchez's employment for reporting an

6

issue to a third party—not a supervisor, governmental official, or law enforcement official—in a way that violated the company's confidentiality policy. Consequently, we find that the district court did not err in determining that Crews-Sanchez's actions fell outside the protections of both of these statutory provisions. The court therefore properly granted summary judgment on Crews-Sanchez's state law claims.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
